THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN THE MATTER OF:

Case No.: 8:22-cv-2935-JLB-UAM

PARADISE FAMILY, LLC, as owner, and
ANOTHER DAY IN PARADISE BOAT
CLUB, LLC, d/b/a FREEDOM BOAT CLUB,
as owner pro hac vice of the Sun Slide, a 2021
Highwater Marine motor vessel bearing hull
identification number GDY58370K021 and
Florida Registration FL0869SW, together with
Its Engines, Tackle, Appurtenances, Equipment,
& Etc., in a cause for Exoneration from or
Limitation of Liability,

    Petitioners.
_____/

## REPORT AND RECOMMENDATION

Before the Court is Petitioners' Motion for Entry of Final Default Judgment of Exoneration Against all Persons or Entities Who Did Not Respond to the Petition for Exoneration or Limitation (Doc. 25). Upon consideration, the undersigned recommends that Petitioners' Motion be GRANTED.

## BACKGROUND

On December 23, 2022, Petitioners filed a Complaint for Exoneration from or Limitation of Liability (Doc. 1) under the Shipowners' Limitation of Liability Act, 46 U.S.C §§ 30501, *et. seq*. and Supplemental Rule F of the Federal Rules of Civil Procedure. Petitioners are the registered owners of Sun Slide, a 2021 Highwater Marine pontoon boat (the

1

"Vessel").[1]  Petitioners seek an exoneration from or limitation of liability for any injuries, death, damages, or losses of whatever description arising from an incident involving the Vessel.  Petitioners allege that on June 28, 2022, in Florida territorial waters near Port Richey, passenger Randy Rush "was allegedly injured as a result of his own neglect when he fell off the Vessel having failed to heed instructions and warnings, having failed to keep watch over his own movements while aboard the Vessel, and having failed to keep watch over his surroundings – including the wind, waves, tides, currents, and wakes in the area[.]" (*Id*. at 3).

On January 6, 2023, the Court entered its Order approving Petitioners' Ad Interim Stipulation of Value and Directing Issuance of Monition and Injunction (Doc. 10).  Among other things, the Court's Order required Petitioners to publish the Notice of Monition in the *Tampa Bay Times* (as specified in Supplemental Rule F and Section 1(e) of this Court's Admiralty and Maritime Practice Manual) once a week for four successive weeks prior to the date fixed for the filing of claims, and to mail a copy of the Notice of Monition to every person or corporation known by the Petitioners to have a claim against the Petitioners arising out of the June 28, 2022 incident (Doc. 10).  Additionally, the Court's Order required all potential claimants to file their respective claims with the Clerk of the Court and to serve Petitioners' attorney with a copy of their claims on or before March 6, 2023. [2]

---

[1] Paradise Family, LLC was the owner of the Vessel during the relevant time, and Freedom Boat Club was the owner *pro hac vice*.  The Vessel bears hull identification number GDY58370K021 and Florida registration FL0869SW.  The Petition includes the boat, her engines, tackle, appurtenances, and equipment.

[2] The Court's Order also stayed all actions or proceedings against the Petitioners arising out of the incident set forth in the Complaint, until the Limitation Action was resolved.

On March 2, 2023, Randy Rush filed an Answer to Petitioners' Complaint (Doc. 13). He claimed he was injured when Freedom Boat Club member Travis Brooker (who rented the Vessel on the day of the incident) stopped the Vessel suddenly, throwing Randy Rush overboard, and then accelerated quickly, hitting him with the Vessel's propeller (*Id*. at 6). Randy Rush claims Petitioners knew or should have known that Travis Brooker was under the influence of alcohol when he rented the Vessel or that, in the alternative, the Vessel was not seaworthy (*Id*.).

On September 27, 2023, Petitioners filed an affidavit of proof of publication in the *Tampa Bay Times* (Doc. 20-1), and on June 13, 2019, Petitioners filed proof of mailing, via certified mail, of a copy of their Complaint and the Court's Order Approving Ad Interim Stipulation, Notice of Monition, and Injunction to all known potential claimants to the Limitation proceeding, namely Randy Rush (Doc. 21-1).

On October 4, 2023, Petitioners filed a Motion for Entry of Clerk's Default (Doc. 22) against any remaining claimants (other than Randy Rush) who had failed to claim, defend, or otherwise prosecute their claims in the action; the Court granted the motion, and the Clerk entered a default on October 19, 2023, under Rule 55(a) (Docs. 23-24). Then, on October 20, 2023, Petitioners filed the instant Motion seeking Entry of Final Default Judgment of Exoneration from Liability against all claimants who have not filed claims, under Rule 55(b) (Doc. 25). Randy Rush is the only claimant who has filed a claim in this action. According to Petitioners' counsel, no other party or potential claimant has filed a claim or sought additional time to do so.[3] Randy Rush does not oppose Petitioners' Motion.

---

[3] There is no indication in the record that any potential claimants (including the Vessel's other known passengers, Jordan Boykins, Dario Valez, and Lauren Wilkens) are minors, incompetent, or in the military.

3

## DISCUSSION

Rule 55 sets out a two-step procedure for obtaining a default final judgment. First, when a defendant fails to plead or otherwise defend the lawsuit, the Clerk is authorized to enter a clerk's default. Fed. R. Civ. P. 55(a). Second, after entry of the clerk's default, if the plaintiff's claim is not for a sum certain and the defendant is not an infant or an incompetent person, the court may enter a default judgment against the defendant for not appearing or defending. Fed. R. Civ. P. 55(b). Courts within this district have applied the same two-step procedure in cases under the Limitation of Liability Act. *In the Matter of the Compliant of Wild Florida Airboats, LLC, as the Owner of the M/V Cypress II and the M/V Cypress IV, for Exoneration from or Limitation of Liability*, No. 6:16-cv-2207-Orl-31GJK, 2017 WL 3891777, at *2 (M.D. Fla. Aug. 29, 2017), *report and recommendation adopted*, 2017 WL 3877598 (Sept. 5, 2017).

In an action to exonerate or limit liability from claims arising out of maritime accidents, the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure set forth strict deadlines for providing notice to potential claimants and filing claims. Pursuant to Supplemental Rule F(4):

> [T]he court shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of the court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be named in the notice. The date so fixed shall not be less than 30 days after issuance of the notice. For cause shown, the court may enlarge the time within which claims may be filed. The notice shall be published in such newspaper or newspapers as the court may direct once a week for four successive weeks prior to the date fixed for the filing of claims. The plaintiff not later than the day of second publication shall also mail a copy of the notice to every person known to have made any claim against the vessel or the plaintiff arising out of the voyage or trip on which the claims sought to be limited arose.

Fed. R. Civ. P. Supp. F(4). Once such notice has been given, all claims "shall be filed and served on or before the date specified in the notice provided . . ." Fed. R. Civ. P. Supp. F(5).

"If a claimant desires to contest either the right to exoneration from or the right to limitation of liability, the claimant shall file and serve an answer to the complaint unless the claim has included an answer." *Id.*

In cases arising under these rules, a default judgment will be entered against any potential claimant who has failed to respond to public notice of a complaint for exoneration from and/or limitation of liability within the established notice period so long as the petitioner has fulfilled "[its] obligation to publish notice of the limitation proceeding . . . the [n]otice expressly and clearly stated the deadline for filing a claim and/or answer . . . and [the notice stated] that a consequence of failing to file a timely claim and/or answer was default and being forever barred from filing a claim and/or answer." *In re Petition of Holliday*, No. 6:14-cv-1709-Orl-28DAB, 2015 WL 3404469, at *3 (M.D. Fla. May 26, 2015) (citation omitted); *see also In the Matter of Reef Innovations, Inc.*, No. 11-cv-1703, 2012 WL 195531, at *2 (M.D. Fla. Jan. 6, 2012) (noting that a party seeking a default judgment on a complaint for exoneration from or limitation of liability must first publish a notice of the action in a newspaper for four consecutive weeks).

Petitioners fulfilled their obligation to publish a notice of this Limitation proceeding once per week for four consecutive weeks in the *Tampa Bay Times* as required by Supplemental Rule F(4) (Doc. 20-1) and by mailing, via certified mail, a copy of their Complaint and the Court's Order Approving Ad Interim Stipulation, Notice of Monition, and Injunction, to all known potential claimants to this Limitation proceeding required by Supplemental Rule F and Local Admiralty Rules (Doc. 21-1).

The Court's Order and Notice of Monition expressly and clearly stated that the deadline for filing a claim was March 6, 2023, and that a consequence of failing to file a timely

5

claim was default (Docs. 10, 11). The deadline mandated by the Court for filing claims has expired. To date, no party other than Randy Rush has filed a claim in this action, and a Clerk's default has been entered against all potential parties "who have not heretofore filed and presented claims and answers." (Doc. 23). Under these circumstances, Petitioners have demonstrated that an entry of default judgment is warranted.

## CONCLUSION

The Court finds that Petitioners have given the required notice, and the time for filing a claim or answer has expired. Therefore, the undersigned **RECOMMENDS**:

(1) Petitioners' Motion (Doc. 25) be **GRANTED**, and default judgment be entered against any and all claimants who have failed to respond to the Notice of Motion by filing a claim within the established notice period, except this exoneration does not apply to claimant Randy Rush, who has filed an Answer to Petitioners' Complaint (Doc. 13).

**IT IS SO REPORTED** in Tampa, Florida on December 5, 2023.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.